IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 13-06009-01-CR-SJ-GAF |
| v. | |
| NICHOLAS ALEX DICKINSON, | |
| Defendant. | |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION AND A HEARING PURSUANT
TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)**

COMES NOW the United States of America, by Tammy Dickinson, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, and hereby moves the Court to hold a hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of demonstrating that no condition or combination of conditions of release will reasonably assure the safety of other persons and the community if defendant is granted bond, nor will any conditions secure defendant's appearance, and that therefore the defendant should be detained.

**SUPPORTING SUGGESTIONS**

1. Subsection 3142(f), Title 18, United States Code, provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case is in any one of the following categories:

A. The case involves a <u>crime of violence</u>, a term defined at Section 3156 to include either:

1. an offense that has as an element of the use, attempted use, or threatened use of physical force against the person or property of another;

2. any other offense that is a felony and by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of its commission; or

3. *any felony under chapter . . . 110 [18 U.S.C. §§ 2251 through 2260] . . .*"

B. The case involves an offense where the maximum sentence is life imprisonment or death.

C. The case is a narcotics case under Title 21, United States Code, for which imprisonment for ten years or more is prescribed.

D. Any felony, even a non-violent felony not involving drugs, if the person already has two or more convictions for a crime of violence, a crime punishable by life imprisonment, or a ten year drug felony.

E. Any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device, or any other dangerous weapon, or involves a failure to register under Section 2250 of Title 18, United States Code.

2. The statute recognizes two additional situations which allow for a detention hearing and which can be raised either by the attorney for the Government or by a judicial officer. These conditions are:

A. When there is a serious risk that the defendant will flee; or

B. When there is a serious risk that the person will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror."

3. One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the statutes exists in the above cause.

**A.      The Defendant is Charged with A Crime of Violence**

A Grand Jury has found probable cause to believe that the defendant committed violations of Chapter 110 (18 U.S.C. § 2252), that is, one (1) count of receipt of child pornography over the Internet, and one (1) count of possession of child pornography. These are crimes of violence as defined by 18 U.S.C. § 3156(a)(4)(C) and referred to in 18 U.S.C. § 3142(f)(1)(A). The Grand Jury also found probable cause to believe that the defendant committed the crime of possession of obscene visual representations of the sexual abuse of children pursuant to 18 U.S.C. § 1466A(b).

**B.      The Defendant is a Danger to the Community**

The investigation of this offense has uncovered evidence that the defendant is a danger to the community. Such evidence includes the following:

1. On May 2, 2013, based on a peer-to-peer file sharing investigation, a search warrant was served on the defendant's residence. Law enforcement officers seized a laptop computer, external hard drive, and other computer media from the defendant.

2	At the time of the execution of the search warrant, the defendant made several admissions of guilt during a non-custodial interview. The defendant admitted to using a peer-to-peer file sharing program to actively seek and obtain child pornography over the Internet.

3.	During the interview, the defendant also advised law enforcement officers this was the second time his computer had been seized. The defendant described an incident in California where law enforcement officers executed a search warrant and seized his computer equipment based on an investigation he was trading child pornography over the Internet. The defendant stated that after the "California thing" he tried to stop but went back for a "quick look" and that he had a "collector's mentality."

4.	The 2010 California investigation was forwarded to the United States Attorney's Office for the Central District of California for consideration of federal charges. The United States Attorney's Office for the Central District of California is prepared to file charges in their jurisdiction related to the defendant's distribution, receipt, and possession of child pornography.

5.	Prior to the execution of the search warrant at the defendant's home in Newtown, Missouri law enforcement officer's monitored the defendant's online activities and noted he was on the specific peer-to- peer file sharing program offering to share child pornography virtually every day in April 2013.

6.	A forensic examination of the defendant's computer and computer media determined the defendant saved thousands of images and/or video files of child pornography, in addition to thousands of files relating to child obscenity. Based on the evidence recovered, the Government may seek to obtain a superseding indictment charging additional counts.

7.	The defendant's home in Newtown, Missouri is located two houses away from the Newtown-Harris RIII public school serving preschoolers through 12th grade students.

8. Since his relocation to Missouri in approximately December of 2011, the defendant has been unemployed and living with his father and step-mother.

C. **The Defendant Is A Potential Flight Risk**

The defendant is a potential flight risk because he is aware of the extensive potential punishment awaiting him upon conviction. The defendant has been charged by indictment with one (1) count of receipt of child pornography over the Internet, one (1) count of possession of child pornography, and one (1) count of possession of obscene images of children. Pursuant to 18 U.S.C. §§ 2252(b)(1) and (2), the defendant shall be imprisoned for not less than 5 years nor more than 20 years on Count One, and not more than 10 years imprisonment on Count Two. On Count Three the defendant is subject to a sentence of not more than 10 years imprisonment. In addition, while the defendant was under investigation in California, he left the state and moved to Missouri.

## CONCLUSION

The defendant was previously investigated while living in California for trading child pornography over the Internet. Sometime during that investigation the defendant relocated to Newtown, Missouri and again began collecting child pornography. The defendant, well aware of the illegality of his computer activities, obtained new computer equipment and continued to seek and possess child pornography. Further, the defendant is aware of the minimum mandatory sentence the count of receipt of child pornography carries. The statutory minimum sentence maximizes the defendant's risk of flight.

WHEREFORE, the Government respectfully requests that this Honorable Court set a detention hearing to demonstrate that no condition or combination of conditions will reasonably assure the safety of the community or diminish the defendant's risk of flight in the

face of a strong case which will exact lengthy prison sentences.  The Government further requests that the Court thereafter detain defendant without bail.

    Respectfully submitted,

    Tammy Dickinson
    United States Attorney

By   */s/ Teresa A. Moore*

    Teresa A. Moore  #40813
    Assistant United States Attorney

    Charles Evans Whittaker Courthouse
    400 E. 9th Street, Fifth Floor
    Kansas City, Missouri 64106
    Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on June 19, 2013, to the CM-ECF system of the United States District Court for the Western District of Missouri.

    */s/ Teresa A. Moore*
    Teresa A. Moore
    Assistant United States Attorney

6

Case 5:13-cr-06009-GAF   Document 3   Filed 06/19/13   Page 6 of 6